# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| MINA GARTMANN and PERIYAN ZEJNELI, Individually and on Behalf of All Others Similarly Situated, <br><br>  Plaintiffs, <br><br> v. <br><br> PROGRESSIVE FINANCIAL SERVICES, INC. <br><br>  Defendant. | Case No.: 16-cv-234 <br><br> **CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1.  This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2.  The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.  Plaintiff Mina Gartmann is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.  Plaintiff Periyan Zejneli is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5.  Plaintiffs are "consumers" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from them a debt allegedly incurred for personal, family or household purposes, namely an alleged credit card debt.

6.      Defendant Progressive Financial Services, Inc. ("Progressive") is a foreign corporation with its primary offices located 1919 W Fairmont Drive, Building 8, Tempe, AZ 85282.

7.      Progressive is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.      Progressive is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

9.      Progressive is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

### *Gartmann Letters*

10.     On or around May 8, 2015, Progressive mailed a debt collection letter to Plaintiff Gartmann regarding an alleged debt, listing the "original creditor" as "Kohl's Dept Stores, Inc." and the "creditor" as "Capital One, N.A." A copy of this letter is attached to this complaint as Exhibit A.

11.     Upon information and belief, the alleged debt identified in Exhibit A was an alleged credit card used only for personal, family or household purposes.

12.     The alleged credit card debt account number identified in Exhibit A ended in the following digits: 1852.

13.     Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

14.     On or around July 7, 2015, Progressive mailed a second debt collection regarding the same alleged debt, an alleged credit card debt with an account number ending in 1852. A copy of this letter is attached to the complaint as Exhibit B.

15. Upon information and belief, Exhibit B is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

16. Exhibit B also lists the original creditor as "KOHLS DEPT STORES INC" and the creditor as "CAPITAL ONE N.A."

17. However, Exhibit B also states "As you know from our previous letter, Progressive Financial Services, Inc. represents KOHLS DEPARTMENT STORE with respect to your account referenced below."

18. Exhibits A and B make it unclear who the current creditor really is.

19. Both Exhibit A and Exhibit B state that the current creditor is "Capital One, N.A."

20. However, Exhibit B also states that Progressive is representing Kohls Department Store with respect to the account listed in the two letters.

21. The FDCPA requires debt collectors to provide certain information and notices to consumers within five days of the initial contact with the consumer:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (2) the name of the creditor to whom the debt is owed;

15 U.S.C. § 1692g(a)(2).

22. To satisfy § 1692g(a)(2), a debt collector may provide "the name under which [the creditor] usually transacts business, or a commonly-used acronym, or any name that it has used from the inception of the credit relation." *Blarek v. Encore Receivable Mgmt.*, No. 06-cv-420-WEC, 2007 U.S. Dist. LEXIS 22549 at *22 (E.D. Wis. Mar. 27, 2007).

23. Kohl's Department Store and Capital One, N.A. are two distinct business entities.

3

24. The unsophisticated consumer would have no idea who whether Kohl's Department Stores or Capital One, N.A. currently owned the debt or who to contact with questions.

25. Progressive's misrepresentation is a material false, misleading or confusing statement.

26. Misrepresentation of the creditor's identity is a misrepresentation of the character and legal status of the debt.

27. Even a more sophisticated consumer (or her attorney), who might understand that debts can be transferred, bought and sold, would not be able to determine who actually holds the debt from reading Exhibit A and Exhibit B.

28. Progressive's misrepresentation is also a "false representation or deceptive means to collect or attempt to collect any debt," in violation of 15 U.S.C. § 1692e(10).

29. Exhibit A also states the following:

```
IN AN EFFORT TO HELP YOU RESOLVE THIS MATTER, PROGRESSIVE FINANCIAL SERVICES, INC.
WORKING IN CONJUCTION WITH OUR CLIENT, HAS RECEIVED PERMISSION TO OFFER YOU A MONEY
SAVING OFFER TO HELP YOU RESOLVE THE BALANCE DUE ON THIS ACCOUNT!

TO TAKE ADVANTAGE OF THIS 20% OFF SETTLEMENT OFFER CALL ME AS SOON AS YOU RECEIVE THIS
LETTER. MY AUTHORIZATION TIME MAY BE LIMITED. AS SOON AS YOU CALL WE CAN EXAMINE THE
OPTIONS AVAILABLE TO YOU. WE WILL ATTEMPT TO FIND A PROGRAM THAT MEETS YOUR BUDGET,
ALLOWS YOU TO PAY OFF YOUR ACCOUNT QUICKLY, AND/OR REDUCES THE TOTAL DOLLARS THAT WILL BE
PAID ON THIS LOAN.
```

30. Exhibit A also contains the following text:

```
ANY PAYMENTS RECEIVED OR CREDITS TO THE ACCOUNT WHICH ARE IN ADDITION TO THE MINIMUM
SETTLEMENT AMOUNT DISCUSSED ABOVE WILL BE RETAINED AND APPLIED AGAINST YOUR FULL BALANCE.
```

Exhibit A.

31. The language from Exhibit A, identified in the previous paragraph of this complaint, is ambiguous and capable of at least two meanings. It is unclear whether the entire

4

amount of a payment in excess of the settlement amount would be treated as a settlement of the debt or as a partial payment "against the full balance." Exhibit A.

32. Progressive's language leaves open the possibility that the consumer will make a payment just a few cents above the offered settlement amount, only to have the payment applied to the "full balance" resulting in the consumer still potentially owing up to $2,234.75.

33. This allows the creditor or third party debt collectors hired by the creditor to continue to collect on the same debt.

34. A consumer could make a settlement amount payment of $558.70, only a cent above 20% off, and not know whether he or she has "resolved" the account. Exhibit A. The language is confusing to the unsophisticated consumer.

35. The consequences of misleading a consumer with respect to settling a debt are much greater than misleading about the amount of the debt, in that a significantly larger portion of the balance may remain after a failed "settlement" than the few additional dollars or cents remaining (usually due to the addition of interest or fees) after a "full payment." *See eg. Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000).

36. Progressive's misrepresentations are material misrepresentations because they mislead the unsophisticated consumer about the nature of the settlement offer.

### *Zejneli Letter*

37. On or about June 12, 2015, Progressive mailed a debt collection letter to Plaintiff Zejneli regarding an alleged debt, naming the "Original Creditor" as "KOHLS DEPARTMENT STORES INC" ("Kohl's") and naming the "Creditor" as "CAPITAL ONE, N.A." A copy of this letter is attached to this complaint as Exhibit C.

38. Exhibit C states as follows:

5

```
ORIGINAL CREDITOR:   KOHLS DEPT STORES INC
CREDITOR:            CAPITAL ONE, N.A.
RE:                  KOHL'S DEPARTMENT STORES, INC
ACCOUNT NUMBER:      ********5452
AMOUNT DUE:          $1,785.83
```

39. The alleged debt identified in Exhibit C is a credit card used for personal, family or household purposes.

40. Upon information and belief, Exhibit C is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

41. Upon information and belief, Exhibit C is a form debt collection letter used by Progressive to attempt to collect alleged debts.

42. Exhibit C contains the following text:

```
***********20% OFF SETTLEMENT OFFER AVAILABLE!!!*************

IN AN EFFORT TO HELP YOU RESOLVE THIS MATTER, PROGRESSIVE FINANCIAL SERVICES, INC.
WORKING IN CONJUCTION WITH OUR CLIENT, HAS RECEIVED PERMISSION TO OFFER YOU A MONEY
SAVING OFFER TO HELP YOU RESOLVE THE BALANCE DUE ON THIS ACCOUNT!

TO TAKE ADVANTAGE OF THIS 20% OFF SETTLEMENT OFFER CALL ME AS SOON AS YOU RECEIVE THIS
LETTER. MY AUTHORIZATION TIME MAY BE LIMITED. AS SOON AS YOU CALL WE CAN EXAMINE THE
OPTIONS AVAILABLE TO YOU. WE WILL ATTEMPT TO FIND A PROGRAM THAT MEETS YOUR BUDGET,
ALLOWS YOU TO PAY OFF YOUR ACCOUNT QUICKLY, AND/OR REDUCES THE TOTAL DOLLARS THAT WILL BE
PAID ON THIS LOAN.
```

Exhibit C.

43. The letter purports to offer a settlement of about 80% of the total alleged debt.

44. The settlement offer in Exhibit C falsely states or implies that the respective settlement offer is valid only if Plaintiff calls Progressive "as soon as you receive this letter. My authorization time may be limited."

45. Upon information and belief, Progressive had authority from the creditor to settle consumers' accounts for 80% of the amount owed, or less, at any time.

6

46. Statements such as a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading because the same offer is, upon information and belief, available at any time.

47. Such false statements are material false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited-time opportunity, when in reality, there is no such time limit.

48. The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters:

> As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

49. Defendant did not use the safe harbor language in Exhibit C.

50. Upon information and belief, the deadlines in Exhibit C to respond to the settlement offer are a sham. There is no actual deadline. The sole purpose of the purported deadline is to impart in the consumer a false sense of urgency.

51. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

52. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

53. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

54. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

55. Progressive violated 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g.

## **COUNT I – FDCPA**

56. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

57. Count I is brought on behalf of Plaintiff Gartmann.

58. Exhibit A includes an offer that is misleading as to the terms of the purported settlement offer.

59. If a consumer mails in a settlement payment in an attempt to take advantage of the "settlement offer" listed on the letter, but pays only a cent or two over the settlement offer, Defendant could, under one interpretation of Exhibit A, apply the entire payment toward the "full balance" instead of settling the debt.

60. Exhibit A misleads the unsophisticated consumer and encourages payments that do not actually settle the alleged debt, allowing Capital One or third party debt collectors hired by Capital One to continue collecting the remaining balance.

61. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), and 1692f.

## **COUNT II – FDCPA**

62. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

63. Count II is brought on behalf of Plaintiff Gartmann.

64. Exhibit A identifies the current creditor as "Capital One, N.A."

65. Exhibit B states the "Creditor" is Capital One, N.A.

66. Exhibit B also states that Progressive represents Kohl's Department Store with respect to the debt listed in Exhibit A and Exhibit B.

67. Exhibit A and Exhibit B not disclose the actual identity of the creditor to the consumer in a manner that is not confusing.

68. The language in Progressive's letters is false, misleading and confusing to the unsophisticated consumer, in that the letter fails to state the name of the creditor.

69. The Defendant has therefore violated 15 U.S.C. §§ 1692g(a), 1692g(a)(2) and 1692e(2)(a).

## COUNT III – FDCPA

70. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

71. Count III is brought on behalf of Plaintiff Gartmann.

72. The language in Exhibits A and B is false, misleading and confusing to the unsophisticated consumer, in that the letters fails to identify the current creditor. 15 U.S.C. §§ 1692e(2)(A), 1692g(a)(2).

73. Defendant's misstatement of the name of the creditor is a false representation or deceptive means to collect or attempt to collect any debt.

74. Defendant's misstatement of the name of the creditor is a false and misleading statement of the character and legal status of the alleged debt.

75. The Defendant has therefore violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692g and 1692g(a)(2).

## COUNT IV – FDCPA

76. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

77. Count IV is brought on behalf of Plaintiff Zejneli.

78. Exhibit C includes false statements to the effect that the settlement offer is only valid if Plaintiff calls and accepts "as soon as you receive this letter."

79. Upon information and belief, the creditor and/or Progressive would settle Plaintiff's and class members' debts at the offered discount and likely for less at any time, regardless of the supposed deadline.

80. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## CLASS ALLEGATIONS

81. Plaintiffs brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibits A, B or C to the complaint, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after February 26, 2015, (e) that was not returned by the postal service.

82. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

83. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692f, and 1692g.

84. Plaintiffs' claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

85. Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

86. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

87. Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: February 26, 2016

**ADEMI & O'REILLY, LLP**

By: s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com